UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER ROYCE SERIO,

    Petitioner,

v.                                     Case No. 8:08-cv-1564-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.

_____/

# O R D E R

Serio petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for three counts of robbery in the second degree, for which Serio serves thirty years as a habitual felony offender.  The conviction is based on Serio's guilty plea, entered without a plea agreement.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 8)  The respondent admits that Serio fully exhausted the grounds asserted in the petition.  (Response at 8 Doc. 8)  The respondent offers no challenge to the petition's timeliness.

# FACTS[1]

On October 21, 2003, a man entered a South Trust Bank in Largo, Florida; feigned possession of a firearm; and demanded money from the teller, all of which yielded $2,050.  The next week a man entered a SunTrust Bank in Clearwater, Florida; feigned possession of a firearm; and demanded money from the teller, all of which

_____

[1] This summary of the facts derives from Serio's brief on direct appeal (Respondent's Exhibit 2) and the change of plea hearing.  (Respondent's Exhibit 4, vol. II at 180-81)

yielded $1,497. Ten days later the man returned to the SunTrust Bank and demanded

money from the teller, which yielded $2,097. After the local newspaper printed a

photograph of the bank robber, an anonymous tipster identified Serio as the robber.

Serio was arrested and confessed to the three bank robberies (and several others[2]).

Serio was charged in Case No. CRC03-19719CFANO with two counts of first degree

robbery (first degree because he feigned possession of a firearm) and one count of

second degree robbery. After the prosecution agreed to reduce each charge to second

degree robbery, Serio agreed to plead guilty knowing that he would receive a thirty-year

sentence as a habitual felony offender.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or

---

[2] This Section 2254 petition challenges the convictions for only the three bank robberies charged in Case No. CRC03-19719CFANO. In the four weeks following these three bank robberies Serio committed another three bank robberies in Pinellas County, which robberies were charged in other informations but resolved with a sentence concurrent with the thirty-year sentence imposed in Case No. CRC03-19719CFANO. The plea agreement assured a concurrent sentence for each Pinellas County bank robbery. Serio pleaded guilty to several additional bank robberies in Pasco, Polk, and Sarasota County.

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

In sum, § 2254(d)(1) places a new constraint on the power of a federal
habeas court to grant a state prisoner's application for a writ of habeas
corpus with respect to claims adjudicated on the merits in state court.  Under
§ 2254(d)(1), the writ may issue only if one of the following two conditions is
satisfied--the state-court adjudication resulted in a decision that (1) "was
contrary to . . . clearly established Federal Law, as determined by the
Supreme Court of the United States," or (2) "involved an unreasonable
application of . . . clearly established Federal law, as determined by the
Supreme Court of the United States."  Under the "contrary to" clause, a
federal habeas court may grant the writ if the state court arrives at a
conclusion opposite to that reached by this Court on a question of law or if
the state court decides a case differently than this Court has on a set of
materially indistinguishable facts.  Under the "unreasonable application"
clause, a federal habeas court may grant the writ if the state court identifies
the correct governing legal principle from this Court's decisions but
unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable, . . . an unreasonable application is different from

an incorrect one."  Bell v. Cone, 535 U.S. at 694.  "As a condition for obtaining habeas

corpus from a federal court, a state prisoner must show that the state court's ruling on

the claim being presented in federal court was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement."  Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786-87

(2011).  Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective

reasonableness, not the correctness per se, of the state court decision that we are to

decide.").  The phrase "clearly established Federal law" encompasses only the holdings

of the United States Supreme Court "as of the time of the relevant state-court decision."
Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA]
modified a federal habeas court's role in reviewing state prisoner applications in order to
prevent federal habeas 'retrials' and to ensure that state-court convictions are given
effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).
Federal courts must afford due deference to a state court's decision. "AEDPA prevents
defendants—and federal courts—from using federal habeas corpus review as a vehicle
to second-guess the reasonable decisions of state courts." Renico v. Lett, _____ U.S.
_____, 130 S. Ct. 1855, 1866 (2010). See also Cullen v. Pinholster, ___ U.S. ___, 131 S.
Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for
evaluating state-court rulings, which demands that state-court decisions be given the
benefit of the doubt' . . . .") (citations omitted).

In a per curiam decision without a written opinion the state appellate court
affirmed Serio's conviction and sentence on direct appeal. (Respondent's Exhibit 3)
Similarly, in another per curiam decision without a written opinion the state appellate
court affirmed the denial of Serio's subsequent Rule 3.850 motion to vacate.
(Respondent's Exhibit 7) The state appellate court's per curiam affirmances warrant
deference under Section 2254(d)(1) because "the summary nature of a state court's
decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245,
1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub
nom Wright v. Crosby, 538 U.S. 906 (2003). See also Richter, 131 S. Ct. at 784-85
("When a federal claim has been presented to a state court and the state court has

- 4 -

denied relief, it may be presumed that the state court adjudicated the claim on the merits

in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state

court.

> We now hold that review under § 2254(d)(1) is limited to the record that
> was before the state court that adjudicated the claim on the merits. Section
> 2254(d)(1) refers, in the past tense, to a state-court adjudication that
> "resulted in" a decision that was contrary to, or "involved" an unreasonable
> application of, established law. This backward-looking language requires
> an examination of the state-court decision at the time it was made. It
> follows that the record under review is limited to the record in existence at
> that same time, i.e., the record before the state court.

Pinholster, 131 S. Ct. at 1398. Serio bears the burden of overcoming a state court

factual determination by clear and convincing evidence. "[A] determination of a factual

issue made by a State court shall be presumed to be correct. The applicant shall have

the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding

of fact but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831,

836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). The state court's rejection of Serio's

post-conviction claims warrants deference in this case. (Order Denying Motion for

Post-Conviction Relief, Respondent's Exhibit 6) Serio asserts one ground of trial court

error and one ground of ineffective assistance of counsel.

Ground One

Serio alleges that the trial court erred in accepting his guilty plea because he

misunderstood the consequences of his plea, which misunderstanding rendered his plea

involuntary. He further alleges that his misunderstanding was because jail officials failed

to provide his mental health medications the morning of the plea. The post-conviction court summarily rejected this claim as follows (Respondent's Exhibit 6) (italics and brackets original):

> The Defendant alleges that he had been sporadically taking prescribed medication which left him "vulnerable" to the advice of his lawyer and "cloud[ed]" his ability to understand the nature and consequences of his plea agreement." However, in the next breath the Defendant states that "it is *possible* that the medication which was being used to treat Defendant's illness, in addition to the illness itself, *may have* affected his ability to understand the nature and consequences of his plea." The Defendant additionally states that a "qualified" psychologist testified that he met the "diagnostic criteria for several major mental disorders."

> The Defendant is not entitled to relief based on these conclusory allegations which are refuted by the plea colloquy. Furthermore, this argument directly contradicts the Defendant's next claim where he alleges that he pled in reliance on and understanding of defense counsel's advice. Therefore, this claim for relief is DENIED.

Before accepting the plea the trial court thoroughly explored Serio's asserted mental health issues and Serio's prescribed medications. (Respondent's Exhibit 4, vol. II at 194-98) The trial court found "that Roger Serio is alert and intelligent [and that] he understands what's going on here this afternoon . . . ." (Respondent's Exhibit 4 vol. II at 205) Serio's allegation—that "it is possible that the medication . . . may have affected his ability to understand"—is refuted by the record. Serio fails to show that the state court's rejection of this claim as conclusory was unreasonable.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Serio claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a
> two-part test for analyzing ineffective assistance of counsel claims.
> According to Strickland, first, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial whose result is reliable.
> Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes

an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we

are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is

strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at

690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness

of counsel's challenged conduct on the facts of the particular case, viewed as of the time

of counsel's conduct."  466 U.S. at 690.  Strickland requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance."  466 U.S. at 690.

Serio must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  466 U.S. at 691-92.  To meet this burden, Serio must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Serio cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S.

776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Serio must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes an independent assessment of "whether the state habeas court was objectively reasonable in its Strickland inquiry" but not an independent assessment of whether counsel's actions were reasonable.  Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  Richter, 131 S. Ct. at 788.  See also Pinholster, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of Strickland and the AEDPA.").  and Johnson v. Sec'y, Dep't of Corr., ___ F.3d ___, No. 09-15344 (June 14, 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

The state court denied the claim of ineffective assistance of counsel with the following introduction (Respondent's Exhibit 6):

> When alleging ineffective assistance of counsel, the defendant must meet a two-prong test by proving, one, that counsel's performance was deficient, and two, that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice test, the defendant must show that a reasonable probability exists that the outcome would have been different absent the ineffective assistance. Haliburton v. Singletary, 691 So. 2d 466, 470 (Fla. 1997). If the defendant fails to satisfy one prong, the inquiry ends, and the reviewing court need not determine if the defendant satisfied the other. Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986). Additionally, in a case where, as here, the defendant pleads to the charges, the defendant must allege that but for counsel's deficient performance he would not have entered a plea and would have insisted on going to trial. Abernathy v. State, 761 So. 2d 1217 (Fla. 2d DCA 2000).

Because the state court correctly recognized that Strickland governs each claim of

ineffective assistance of counsel, Serio cannot meet the "contrary to" test in Section

2254(d)(1). Serio instead must show that the state court unreasonably applied

Strickland or unreasonably determined the facts. Because of the presumption of

correctness and the highly deferential standard of review, the analysis of each claim

begins with the state court's analysis.

Ground Two

        Serio alleges that trial counsel rendered ineffective assistance by advising him

that he could successfully challenge his sentence on appeal. The post-conviction court

rejected this claim as follows (Respondent's Exhibit 6):

> The Defendant alleges that defense counsel provided ineffective assistance when she advised him that a direct appeal challenging his habitual offender status would be successful, thus providing him relief from the sentence. But for his reliance on counsel's erroneous advice, the Defendant asserts that he "would never have agreed to plead guilty and hope for a reduced sentence on appeal."

> Pursuant to Fla. R. Crim. P. 3.850, the record must conclusively rebut a cognizable claim if that claim is denied without a hearing. As the State correctly points out, a plea colloquy that specifically addresses promises on

- 10 -

certain topics is sufficient to deny a claim alleging reliance on promises made.  State v. LeRoux, 689 So. 2d 235 (Fla. 1996).  In the instant case, the court specifically asked the Defendant during the plea colloquy if defense counsel or anyone else made any promises to him about how much time he would be serving in prison.  The Defendant stated "the detectives that arrested me asked for my cooperation in exchange for them to be here today," however the Defendant never mentioned his reliance on a promise made by counsel.  Id.  Additionally, when the court asked the Defendant if he was satisfied with the legal representation and advice provided by defense counsel, the Defendant replied with an affirmative "yes."  Id.  Therefore, as this Court finds the Defendant's allegation to be conclusively refuted by the record, this claim for relief is DENIED.

Serio chose to plead guilty knowing that the court would impose a thirty-year sentence.  (Respondent's Exhibit 4, vol. II at 190)  The underlying basis for Serio's claim and the principle argument asserted in the state proceedings is that the trial judge's finding of fact—that Serio has the necessary prior convictions to qualify as a habitual felony offender—violates United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004).  Serio's reliance on Booker and Blakely is misplaced.  Whether a defendant's prior convictions qualify him for a habitual felony offender sentence is a question for the judge to decide and not a jury.  Almendarez-Torres v. United States, 523 U.S. 224 (1998).  Accord, James v. United States, 550 U.S. 192, 214 n.8 (2005) ("To the extent that James contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless.  [W]e have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes.") (citing Almendarez-Torres).

Accordingly, Serio's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.

The clerk shall enter a judgment against Serio and close this case.

ORDERED in Tampa, Florida, on August 12, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE